IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| FEDERAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>EDWARD T. JOYCE FIRM, P.C.<br><br>Defendant. | No.: 1:08-cv-00431<br><br>Judge William T. Hart |

## FEDERAL INSURANCE COMPANY'S MOTION FOR EXPEDITED PRODUCTION AND ENFORCEMENT OF AN ARBITRATION SUBPOENA

Federal Insurance Company ("Federal"), by and through its attorneys, states as follows in support of its motion for expedited production and enforcement of an arbitration subpoena with which the Law Offices of Edward T. Joyce Firm, P.C. (the "Joyce Firm") has refused to comply:

1. Federal is presently involved in an arbitration proceeding with EPS Solutions Corp. and Enterprise Profit Solutions Corp. (collectively, "EPS") pending in the American Arbitration Association (the "Arbitration") in which Federal seeks a declaration regarding its rights and obligations under the policy of insurance that it issued to EPS.

2. The Arbitration Panel issued a subpoena *duces tecum* to the Joyce Firm which Federal served on December 21, 2007. A copy of the subpoena is attached as Exhibit A.

3.  On January 9, 2008, counsel for Federal, Anne L. Blume, spoke with Arthur Aufmann of the Joyce Firm to discuss compliance with the subpoena. After consultation in person or by telephone and good faith attempts to resolve differences the parties are unable to reach an accord.

4.  On January 10, 2008, the Joyce Firm confirmed in writing that it would not comply with the subpoena. A copy of the letter is attached as Exhibit B. The Joyce Firm failed to provide any legally recognized reason for its refusal to comply with a validly issued and served subpoena. Ex. B. Accordingly, the Joyce Firm has waived any and all privileges that it might otherwise be able to claim. See, Anderson v. Hale, 202 F.R.D. 548 (N.D. Ill. 2001)("Rule 26(b)(5) requires the objecting party to expressly make the claim of privilege and 'describe the nature of the documents, communications, or things not produced ... in a manner that, without revealing information itself privileged or protected, will enable [the] other part[y] to assess the applicability of the privilege or protection.'") See also, Jones v. Ada S. McKinley Community Services, 1989 WL 152352 (Nov. 28, 1989) (failure to raise privilege results in waiver).

5.  On January 18, 2008, Federal filed a Petition to Enforce Arbitration Subpoena that is presently before this Court. On January 29, 2008, Federal served the Joyce Firm with the petition and summons.

6. Time is of the essence for Federal to obtain the documents which are the subject of the subpoena because the documents are essential to Federal's discovery in the Arbitration and the preparation of its case.

7. Federal was precluded from serving the subpoena earlier in the Arbitration proceedings as EPS, Federal's insured, demanded that Federal refrain from serving a subpoena on the Joyce Firm, which represented the claimants in the underlying matter, until after the underlying matter was concluded on the basis that service of a subpoena could prejudice EPS in the underlying matter.

8. The discovery cut-off date in the Arbitration for certain discovery is March 3, 2008. Federal cannot even commence depositions without the documents in the possession of the Joyce Firm. The documents directly relate to various policy exclusions and EPS's potential breaches of the policy, all of which are at issue in the Arbitration.

9. It is therefore essential that Federal have the opportunity to review these documents as soon as possible. Accordingly, Federal requests that this Court grant its petition to enforce the subpoena on an expedited basis and Order the Joyce Firm to produce all documents responsive to the subpoena within seven (7) days hereof.

WHEREFORE, Federal respectfully requests that the Court enter an Order granting Federal's Motion for Expedited Production and Enforcement of an Arbitration Subpoena and requiring the Joyce Firm to produce all documents responsive to the subpoena within seven (7) days hereof and award such other and further relief as is just and proper.

Date:  February 1, 2008

                                                      Respectfully submitted,

                                                      */s/ Janet R. Davis*

                                                      One of the attorneys for Federal Insurance Company

Janet R. Davis
Anne L. Blume
Meckler Bulger & Tilson
123 North Wacker Drive
Suite 1800
Chicago, Illinois  60606
Tel:    312/474-7900
Fax:   312/474-7898

O:\6760\Federal v. ETJoyce\Motion for Expedited Ruling.doc

# EXHIBIT A

IN THE AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| FEDERAL INSURANCE COMPANY,                 )<br>                                                                      )<br>                    Plaintiff,                              )<br>                                                                      )<br>v.                                                                  )<br>                                                                      )    AAA No.: 51 195 01043 04<br>EPS SOLUTIONS CORP. and              )<br>ENTERPRISE PROFIT SOLUTIONS  )<br>CORP.,                                                     )<br>                                                                      )<br>                    Defendants.                         )     | |

**SUBPOENA *DUCES TECUM***
**(Documents)**

FROM THE PEOPLE OF THE STATE OF ILLINOIS

    To:   Edward T. Joyce
             Edward T. Joyce & Associates, P.C.
             11 South LaSalle St., Suiote 1600
             Chicago, IL  60603

WE COMMAND THAT, all business and excuses being laid aside, you produce and permit inspection, copying, testing, or sampling of documents, books, files, records, electronically stored information, or tangible things in your possession, custody or control as detailed and explained in the attached Rider to Subpoena *Duces Tecum*, within 7 business days, at your place of business, at a time to be agreed upon with the attorneys for Federal Insurance Company.

                                                                              Signed: _____
                                                                                                Arbitrator

REQUEST having been made by the attorneys for Federal Insurance Company
Janet R. Davis
Anne L. Blume
Meckler Bulger & Tilson LLP
123 North Wacker Drive, Suite 1800
Chicago, Illinois 60606
(312) 474-7900
Dated: _____



EXHIBIT
A

## CERTIFICATE OF SERVICE

The undersigned, a non-attorney, certify that I caused a copy of Federal Insurance Company's **Subpoena** *Duces Tecum* to be served on the following via Certified Mail/Return Receipt Requested:

>Edward T. Joyce
>Edward T. Joyce & Associates, P.C.
>11 South LaSalle St., Suiote 1600
>Chicago, IL 60603

this 19th day of December, 2007.

*/s/ Diana Matejko*

O:\6760\Arbitration Discovery\subpoena duces tecum to Edward Joyce.doc

2

IN THE AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, ) ) ) Plaintiff, ) ) v. ) EPS SOLUTIONS CORP. and ) ENTERPRISE PROFIT ) SOLUTIONS CORP., ) ) Defendants. | ) ) ) ) ) ) ) AAA No.: 51 195 01043 04 ) ) ) ) ) |

## RIDER TO SUBPOENA *DUCES TECUM*

### INSTRUCTIONS

1. If any documents are withheld from production under a claim of privilege or other exemption from discovery, the party asserting privilege or other exemption must furnish a list signed by one of its attorneys identifying each document withheld and the information required under the Federal Rules of Civil Procedure for the assertion of any such privilege or exemption.

### DEFINITIONS

1. "Federal" refers to the Federal Insurance Company.

2. "EPS" refers to EPS Solutions Corp. and Enterprise Profit Solutions Corp., their agents, employees, officers, directors, attorneys and all persons either acting or purporting to act on its behalf, whether presently or formerly.

3. "You" or "your" refers to the attorney(s), investigator(s), agent(s), assistant(s) or other individual(s) acting for or on behalf of any claimant(s) that made a claim against EPS for damages relating to the roll-up.

4. "Affirmative Case" refers to the action filed in the United States District Court for the Northern District of Illinois entitled <u>EPS Solutions Corporation v. Deloitte & Touche and Jefferies & Company</u>.

5. The "Underlying Matters" shall refer to the following lawsuits and arbitrations:

   a. The "Holden Action" refers to the action filed the United States District Court for the Northern District of Illinois entitled <u>James Holden and Christine Holden v. Deloitte and Touche, Jefferies & Company, Jeffery Weinhuff, Christopher P. Massey, EPS Solutions Corporation, and Enterprise Profit Solutions</u>, along with all related arbitration proceedings.

   b. The "TTR Action" refers to the action filed in the Superior Court of Massachusetts entitled <u>TTR Enterprises, Inc., Timm T. Runnion, John Ferris, David Spier, James P. Wadley, Dennis J. Donovan, K. John Gutshaw, William A. Frederick and Kathleen S. Burdorf v. Deloitte & Touche, LLP, EPS Solutions Corporation, and Enterprise Profit Solutions, Christopher P. Massey, Erik R. Watts, Mark C. Coleman, Jefferies & Company, Jeffrey Weinhuff, David Losito and Gibson, Dunn & Crutcher, LLP</u>, along with all related arbitration proceedings.

   c. The "Horowitz Action" refers to the action filed in the Superior Court of the State of California for the County of Orange, entitled <u>Horowitz Limited Partnership I v. Deloitte & Touche, LLP, EPS Solutions Corporation, and Enterprise Profit Solutions, Massey and Does 1 through 40</u>, and all subsequent arbitration proceedings.

   d. The "Shoecraft Actions" refers to the lawsuits filed in the United States District Court for the Northern District of Illinois against Deloitte & Touche, Massey,

Watts, Jefferies & Company, Jeffery Weinhuff, and others, and in one of the cases, that brought by claimant Shoecraft, in which the EPS entities were named as defendants, and all subsequent arbitration proceedings. A copy of the list of claimants is attached.

  e. The "Gould Action" refers to the arbitration proceedings initiated in the American Arbitration Association by Christopher W. Gould, individually and assignee of several others filed a demand for arbitration entitled <u>Christopher W. Gould, individually and as assignee of the interests of The Industrial Bank of Japan, Limited and IBJ Leasing Co., Ltd.; Barry P. Boothe; Donald W. Smiegiel; Harold J. Pertel; James s. Godry; Luke P. Bowes; Daniel Lavin; William M. Shore; Sue K. Waterhouse; Howard K. Weber; The McCully/Lueke Family Trust - - 1996, Robert A. McCully and Paulette A. Lueke, Trustees v. Deloitte & Touche, LLP; Christopher P. Massey; Jefferies & Company; and, Jeffry Weinhuff</u>.

  f. The "Lee Action" refers to the arbitration proceedings initiated in JAMS by Conrad P. Lee and additional claimants entitled <u>Conrad P. Lee and the other claimants listed on Appendix A v. EPS Solutions Corporation and Enterprise Profit Solutions Corporation</u>.

5. "Policies" shall refer to the following:

  a. National Union Fire Insurance Company of Pittsburgh policy no. 280-89-98 for the period June 1, 2000 through June 1, 2001;

  b. Federal Insurance Company policy no. 8156-21-54 ANBO for the period of June 1, 2000 through June 1, 2001;

  c. Fireman's Fund Insurance Company policy number CXD 600-03-73 for the period of June 1, 2000 through June 1, 2001;

3

d. Philadelphia Insurance Companies policy no. HEX0000756 for the period of June 1, 2000 through June 1, 2001;

e. National Union Fire Insurance Company of Pittsburgh policy no. 280-90-09 for the period June 1, 2000 through June 1, 2001; and

f. any other insurance policies which purport to provide insurance coverage to EPS for the liability of EPS and/or its directors and officers for the period of 1997 through 2001.

6. The terms "document" or "documents" as used herein shall have the broadest possible meaning pursuant to the Federal Rules of Civil Procedure including, but not limited to, the original and all drafts of all written or graphic matter, however produced or reproduced, whether or not sent or received, and all copies thereof that are different in any way from the original, whether handwritten, typed, drawn, sketched, printed or recorded by a physical, mechanical, or electronic device, or other means, including without limitation e-mail, correspondence, memoranda, invoices, notes, books, records, papers, letters, messages, recordings, electronic and voice mail, pamphlets, brochures, articles, graphs, charts, plans, notebooks, spreadsheets, worksheets, lists, analyses, summaries, annual or periodic reports, minutes, telephone bills and records, expense reports, opinions, compilations, chronicles, minutes, agendas, contracts, agreements, reports, summaries, inter-office communications, notations of any sort of conversations, diaries, appointment books or calendars, planners, teletypes, telefax, thermafax, confirmations, computer data (including information or programs stored in a computer, whether or not ever printed out or displayed) and all drafts, alterations, modifications, changes and amendments of any of the foregoing, and all graphic

or manuals records, or representations of any kind, including, but not limited to, tapes, cassettes, disks, magnetic media and recordings.

7. The term "person" means in the plural and in the singular, any person, corporation, firm, association, partnership, joint venture, or other form of legal or official entity, as the case may be.

8. The term "communication(s)" means the oral or written transmittal of information sent by you or received by you from any person, as well as any documents reflecting or recording the content of any oral communications in any form (including, without limitation, inter- and intra-office memoranda and other communications).

9. The terms "related to" or "concerning" mean about, addressing, alluding to, analyzing, commenting upon, comprising, concerning, embodying, evaluating, evidencing, examining, explaining, regarding, in respect of, memorializing, mentioning, noting, pertaining to, recording, reflecting, relevant to, respecting, responding to, setting forth, showing, stating, studying, summarizing, supporting, or touching upon, either directly or indirectly, in whole or in part, and should be given the broadest possible scope consistent with the Federal Rules of Civil Procedure.

10. The term "any" means "any" or "all." The term "all" has the same meaning. The terms "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these requests any information which might otherwise be construed outside their scope.

11. The singular of any term shall include the plural, and the plural of any term shall include the singular.

## DOCUMENTS REQUESTED

1. All documents which relate to, reference or evidence expenses incurred in any of the Underlying Matters.

2. All documents which relate to, reference or evidence expenses incurred in the Affirmative Case.

3. All documents which relate to or reflect any agreement with any person acting on behalf of EPS regarding the sharing of expenses incurred in the Underlying Matters or the Affirmative Case.

4. All documents which relate to or reflect any request that EPS pay any expenses incurred in the Underlying Matters.

5. All documents sent to or received from EPS's counsel which relate to or concern the referral of any of the Underlying Matters to any counsel for any claimant.

6. All documents provided to you by any person acting on behalf of EPS in any way that refer or relate to the coverage of the Policies.

7. All documents sent to or received from EPS's counsel in any of the Underlying Matters relating to the investigation of the claims asserted in the Affirmative Case and the Underlying Matters.

8. All documents that refer or relate to the preparation of the Complaint or any other pleadings in the Affirmative Case.

9. All documents sent to or received from anyone acting on behalf of EPS that refer or relate to the preparation of the Complaint or any other pleadings in any of the Underlying Matters.

10. All documents that refer, reflect or relate to any agreements EPS reached with any party, entity or individual regarding expert witness testimony in any of the Underlying Matters or in the Affirmative Case.

11. All documents sent to or received from EPS and/or Navigant Consulting Services or any of its agents or employees relating to the Underlying Matters or the Affirmative Case.

12. All documents which refer or relate to communications between EPS and any expert witness or consultant for any party in the Underlying Matters other than EPS.

13. All documents which refer or relate to communications between EPS' attorneys and any lawyers for any party in the Underlying Matters and/or the Affirmative Case.

14. All letters, notes, emails or memoranda sent to or received from anyone acting on behalf of EPS which refer or relate to the fraud alleged in the Affirmative Case.

15. All documents which touch upon, concern, refer or relate to a consulting agreement with any present or former EPS employee relating to the Underlying Matters or the Affirmative Case.

16. A copy of all documents from any source relating to, touching upon or concerning in any way potential conflicts of interests of any Bollinger, Ruberry & Garvey attorneys in any of the Underlying Matters.

17. All documents which refer or relate to communications between you and any person acting on behalf of EPS in the Underlying Matters and/or the Affirmative Case.

18. All documents which refer or relate to meetings attended by you and any person acting on behalf of EPS in the Underlying Matters and/or the Affirmative Case.

19. All documents provided to you by any person acting on behalf of EPS that in any way refer or relate to any deposition taken in the Underlying Matters or Affirmative Case.

20. All documents provided to you by any person acting on behalf of EPS that in any way refer or relate to strategy in the Underlying Matters or Affirmative Case.

21. All documents you provided to any person acting on behalf of EPS that in any way refer or relate to any deposition taken in the Underlying Matters or Affirmative Case.

22. All documents you provided to by any person acting on behalf of EPS that in any way refer or relate to strategy in the Underlying Matters or Affirmative Case.

23. A copy of all indices, abstracts, summaries or any other memoranda relating to any deposition taken in the Underlying Matters or Affirmative Case that you sent to or received from EPS.

O:\6760\Arbitration Discovery\claimant counsel rider.doc

# EXHIBIT B

LAW OFFICES
# EDWARD T. JOYCE & ASSOCIATES, P.C.
ELEVEN SOUTH LASALLE STREET
SUITE 1600
CHICAGO, ILLINOIS 60603-1211
(312) 641-2600
FAX (312) 641-0360

January 10, 2008

**VIA FACSIMILE**

Anne L. Blume
MECKLER BULGER & TILSON LLP
123 N. Wacker Drive, Suite 1800
Chicago, Illinois 60606

  Re:  Subpoena in the *Federal Insurance v. EPS* arbitration (the "Chicago arbitration")

Dear Anne:

As I explained yesterday, there are three reasons why I am not working on responding to your subpoena. First, your firm is in the process of asking Judge Munter to stay the Chicago arbitration. In all likelihood, I will not oppose that motion, and I expect that Judge Munter will grant the motion.

Second, even if I had no substantive objections to the subpoena, I would not be working on responding to it because: (a) the scope of your requests is so broad and burdensome that it would probably take 100 hours of work to respond, and (b) I am not going to spend that kind of time unless I am paid for it.

Third, several of the requests are objectionable on the basis of relevance, privilege and/or other bases.

If you have any questions, just call.

Very truly yours,

EDWARD T. JOYCE & ASSOCIATES, P.C.

By:  Arthur W. Aufmann

AWA:emn

**EXHIBIT B**