IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 08-cv-00431 |
| v. ) | |
| ) | Judge William T. Hart |
| THE LAW OFFICES OF EDWARD T. ) | |
| JOYCE, P.C. ) | |
| ) | |
| Defendant. ) | |

**ANSWER TO FEDERAL INSURANCE COMPANY'S
<u>PETITION TO ENFORCE ARBITRATION SUBPOENA</u>**

Defendant, Edward T. Joyce & Associates, P.C., improperly named as "The Law Offices of Edward T. Joyce, P.C.," states as follows for its answer to Federal Insurance Company's complaint for injunctive and related relief:

1. Federal Insurance Company ("Federal") is an Indiana corporation with its principal place of business in New Jersey.

<u>**ANSWER:**</u>   Defendant lacks sufficient personal knowledge to admit or deny the allegations in Paragraph 1.

2. Upon information and belief, The Law Offices of Edward T. Joyce Firm, P.C. (the "Joyce Firm") is an Illinois professional corporation with its principal place of business in Chicago, Illinois.

<u>**ANSWER:**</u>   Defendant admits that Edward T. Joyce & Associates, P.C. is an Illinois professional corporation with its principal place of business in Chicago, Illinois. Defendant denies that the firm is "The Law Offices of Edward T. Joyce Firm, P.C." or "The Law Offices of Edward T. Joyce, P.C."

3. In February 2004, Federal filed a lawsuit against EPS Solutions Corp and Enterprise Profit Solutions Corp. ("EPS") in the United States District Court for the Northern District of Illinois, Case Number 04 C 0918, seeking a judicial declaration of its rights and obligations under the Federal first layer excess policy, (the "Federal/EPS lawsuit").

1

**ANSWER:** Defendant lacks sufficient personal knowledge to admit or deny the allegations in Paragraph 3. Answering further, Defendant neither admits nor denies the legal conclusions in Paragraph 3.

4. This Court had diversity jurisdiction over the Federal/EPS Lawsuit as Federal is an Indiana corporation with its principal place of business in New Jersey and both EPS entities are Delaware corporations with their principal place of business in Chicago, Illinois and the amount in controversy exceeded $75,000 exclusive of interest and costs.

**ANSWER:** Defendant lacks sufficient personal knowledge to admit or deny the allegations in Paragraph 4.

5. In response to Federal's lawsuit, EPS invoked the arbitration clause in the insurance policy at issue and demanded arbitration. Federal initiated arbitration against EPS presently which is pending in the American Arbitration Association, AAA No.: 51 195 01043 04 (the "Federal/EPS Coverage Arbitration") in which Federal seeks a declaration regarding its rights and obligations under the policy of insurance that it issued to EPS.

**ANSWER:** Defendant lacks sufficient personal knowledge to admit or deny the allegations in Paragraph 5.

6. This Court has jurisdiction over this matter based (sic) 28 U.S.C. § 1332 as the parties to the underlying dispute are diverse and the amount in controversy excess $75,000.

**ANSWER:** Defendant admits that the parties to the underlying dispute are diverse, but denies the remaining allegations in Paragraph 6.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Joyce Firm resides in this district and a substantial part of the acts or omissions giving rise to this complaint occurred in Chicago, Illinois.

**ANSWER:** Defendant admits that it resides in this district, but denies the remaining allegations of Paragraph 7.

8. Federal served a subpoena *duces tecum* issued by the Arbitration panel upon the Joyce firm on or about December 21, 2007. A copy of the subpoena is attached as Exhibit A. Thus, the Joyce Firm's compliance was due on or about December 28, 2007.

**ANSWER:** Defendant admits that it was served with a subpoena *duces tecum* on or about December 21, 2007.  Defendant admits that the subpoena *duces tecum* attached as Exhibit A to Federal's Petition resembles the subpoena *duces tecum* served on Defendant on or about December 21, 2007.  Defendant denies the remaining allegations of Paragraph 8.

9. By letter dated January 10, 2008, the Joyce Firm notified Federal of its refusal to comply with the subpoena.  A copy of this letter is attached as Exhibit B.

**ANSWER:** Defendant admits that Exhibit B is a copy of the letter that it sent to Federal on January 10, 2008.  Answering further, Exhibit B speaks for itself.

10. The Court has authority to enforce the subpoena pursuant to 9 U.S.C. §7 (2000).

**ANSWER:** Defendant neither admits nor denies the allegations in Paragraph 10, because it is a legal conclusion, not an assertion of fact.  Defendant denies that Federal's legal conclusion applies to these claims.

11. Accordingly, this court should enter an order requiring the Joyce Firm to comply with the subpoenas within 7 days hereof.

**ANSWER:** Defendant denies the allegations in Paragraph 11.

WHEREFORE, Federal Insurance Company requests that this Court grant its petition and enter an Order requiring The Law Offices of Edward T. Joyce to comply with the subpoena issued by the AAA and award such other and further relief as is just and proper.

**ANSWER:** Deny.

WHEREFORE, Defendant requests that this Honorable Court enter an Order denying the claims and denying any recovery by Federal.

Dated: February 19, 2008           Respectfully submitted,

                                   EDWARD T. JOYCE FIRM, P.C.,


                                   By:   /s/ Arthur W. Aufmann
                                           One of its attorneys

3

Arthur W. Aufmann
Robert D. Carroll
Edward T. Joyce & Associates, P.C.
11 South LaSalle Street, Suite 1600
Chicago, Illinois 60603
312.641.2600

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that he caused a true and correct copy of the foregoing Answer to Federal Insurance Company's Petition to Enforce Arbitration Subpoena to be served upon:

Janet R. Davis
Anne L. Blume
Meckler Bulger & Tilson
123 N. Wacker Drive
Suite 1800
Chicago, Illinois 60606

to be delivered via electronic mail delivery this 19th day of February, 2008.

___s/ Arthur W. Aufmann_____