IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>EDWARD T. JOYCE FIRM, P.C. )<br>)<br>Defendant. )<br>)<br>) | No.: 1:08-cv-00431<br><br>Judge William T. Hart |

## FEDERAL INSURANCE COMPANY'S MOTION FOR LEAVE TO FILE ITS REPLY MEMORANDUM UNDER SEAL

Federal Insurance Company ("Federal") brings this motion for leave to file its reply memorandum under seal:

1. In September 2004, Federal initiated arbitration in Chicago, Illinois against EPS which is presently pending in the American Arbitration Association ("AAA"), No.: 51 195 01043 04 (the "EPS Arbitration") in which Federal seeks a declaration regarding its rights and obligations under the policy of insurance that it issued to EPS.

2. The Panel in the EPS Arbitration has entered a Protective Order which requires that any documents "designated as 'Confidential' shall, if ever filed in ay Court, be filed under seal . . ." A copy of the Protective Order is attached as Exhibit A.

3. This Court has entered an Order requiring Federal to file its reply memorandum in support of its motion for expedited production and enforcement of an arbitration subpoena on or before February 26, 2008.

4.   Federal plans to file a reply memorandum which includes exhibits that are documents designated as Confidential under the Protective Order. Accordingly, Federal requests leave to file its reply memorandum under seal.

WHEREFORE, Federal Insurance Company respectfully requests that the Court grant its motion and enter an Order allowing Federal to file its reply memorandum in support of its motion for expedited production and enforcement of an arbitration subpoena under seal and award such other and further relief as is just and proper.

Date: February 22, 2008

_____
One of the attorneys for Federal Insurance Company

Janet R. Davis
Anne L. Blume
Meckler Bulger & Tilson LLP
123 North Wacker Drive
Suite 1800
Chicago, Illinois 60606
Tel:   312/474-7900
Fax:   312/474-7898

O:\6760\Federal v. ETJoyce\motion re seal.doc

## IN THE AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, | ) |
| Plaintiff, | ) |
| v. | )   AAA No: 51 195 01043 04 |
| EPS SOLUTIONS CORP. and ENTERPRISE PROFIT SOLUTIONS CORP., | ) |
| Defendants. | ) |

### PROTECTIVE ORDER

This matter has come before the arbitration panel on agreed motion of the parties, by their respective attorneys, for the entry of a protective order. The parties agree that there is good cause for entry of a protective order, as the panel so finds, because the parties and certain non-parties have produced, or may produce, documents and information constituting or revealing other confidential or proprietary commercial and/or financial information.

IT IS HEREBY ORDERED as follows:

1.  This Protective Order shall bind and inure to the benefit of the parties to this arbitration (hereinafter referred to as the "Parties" or, individually, a "Party") and any third-party who indicates in writing, or by making a statement on the record in a deposition, that such third-party consents to be bound by or seeks the benefits hereof (hereinafter a "Consenting Third-Party").

2.  At the time of disclosure, any Party or Consenting Third-Party may designate as "Confidential" any information produced or disclosed in discovery pursuant to the Federal Rules of Civil Procedure when the material contains information protected by the attorney client or work product privilege in connection with the defense of any of the underlying



EXHIBIT A

claims, commercially sensitive, proprietary, or trade secret information, or contains other non-public confidential research, development, commercial, personal, or similar business information, including information that a Party or Consenting Third-Party is contractually or legally obligated to keep confidential. The Parties acknowledge and agree that any correspondence from Bollinger Ruberry & Garvey to EPS Solutions Corp. or Enterprise Profit Solutions Corp. (collectively, "EPS"), National Union Fire Insurance Company of Pittsburgh, PA., Federal Insurance Company, or Jenner & Block and, on the other hand, from Jenner & Block to Bollinger Ruberry & Garvey, EPS, National Union Fire Insurance Company of Pittsburgh, PA. or Federal Insurance Company shall be treated as Confidential Information as described herein without further designation solely as an aid to the Parties. Upon designation, access to such Confidential Information shall be limited to persons designated in paragraph 4 of this Protective Order and disclosure shall be subject to the restrictions set forth in paragraphs 5 and 6 of this Protective Order. Any Party, Consenting Third-Party or interested member of the public may request at any time that a "Confidential" designation be removed from any document or information and, if another objects, seek relief from the panel by motion. If the propriety of any designation of documents or information as Confidential is disputed, the information shall be treated as designated until the dispute is resolved by the panel, by agreement of the parties or by Order of a court of competent jurisdiction.

3. A Party or Consenting Third-Party may designate information as "Confidential" as follows:

(a) With respect to any documents produced, whether by hard-copy or electronically, counsel for the Party or Consenting Third-Party claiming confidentiality shall

designate such documents as "Confidential" by affixing to such documents, and each copy thereof, the legend "Confidential." If a party makes documents available for its production, that party shall clearly designate which materials are confidential, and the inspecting party shall respect that designation.

(b) With respect to answers to written interrogatories or responses to requests for admission, counsel for the Party claiming confidentiality shall designate such answers or responses as "Confidential" by affixing the appropriate designation on those portions of said answers or responses as to which the claim of confidentiality is made.

(c) With respect to answers to deposition questions and deposition exhibits, counsel for the Party or Consenting Third-Party claiming confidentiality shall designate such answers and exhibits as "Confidential" orally at the deposition by stating the appropriate confidentiality designation on the record, or within 15 business days after receipt of the transcript. Prior to the expiration of the 15 business-day period, the entire transcript shall be treated as Confidential. That portion of the transcript designated "Confidential" shall be segregated from the remainder of the transcript. If the designated material cannot be reasonably segregated, a Party or Consenting Third-Party may designate the entire transcript as "Confidential."

4. The persons other than the panel and the court reporters, clerks and other staff of any panel member or of the AAA having access (subject to the restrictions of paragraphs 5 and 6 of this Protective Order) to information designated as "confidential" pursuant to paragraph 2 of this Protective Order shall be as follows:

(a) All attorneys appearing herein and all employees of their respective firms, provided that access is given only for the purpose of the prosecution or defense of this arbitration;

(b) Those representatives of each Party charged with responsibility for the prosecution or defense of the arbitration provided that access is given only for the purposes of the prosecution or defense of this arbitration;

(c) Court reporters transcribing testimony or arguments in this case;

(d) Outside experts, consultants or other professionals, retained or consulted by any party for the purpose of the prosecution or defense of this arbitration, who have read the Protective Order and have signed a copy of the Agreement to Be Bound by Protective Order attached hereto;

(e) Witnesses in any deposition or court or arbitration proceedings if the witness produced or otherwise has knowledge of the material or prior written consent of the party designating the material or its counsel is obtained, or the material is relevant to their reasonably anticipated testimony and the witness has read the Protective Order and have signed a copy of the Agreement to Be Bound by Protective Order attached hereto;

(f) All regulators and auditors when required by law, regulatory rule or authority, provided that such person(s) or entities (other than regulators) that have who have read the Protective Order and have signed a copy of the Agreement to Be Bound by Protective Order attached hereto; and,

(g) All of Federal's reinsurers, regardless of whether they have signed a copy of the Agreement to Be Bound by Protective Order attached hereto.

4

5. Information designated as "Confidential" pursuant to this Protective Order may be disclosed only to those persons listed in paragraph 4 of this Protective Order, unless prior written consent of the Party designating information as "Confidential" or its counsel is obtained or upon further order of the panel.

6. Both confidential and non-confidential information produced in discovery shall be used only for the purpose of prosecuting or defending this arbitration (including any appeals), and not for any other litigation, arbitration or any business or other purpose whatsoever.

7. Nothing herein shall restrict the right of a Party or Consenting Third-Party producing and designating information as "Confidential" to itself disclose that information to whomever it wishes or otherwise use that information as it sees fit.

8. Should any document or information designated as "Confidential" be disclosed, through inadvertence or otherwise, to any person not authorized to receive same under this Order, then the disclosing party shall use its best efforts to bind such person to the terms of this Order. Specifically, the disclosing party shall: (a) promptly inform such person of all the provisions of this Order; (b) request such person to sign the attached Agreement; and (c) promptly identify such person to the Party or Consenting Third-Party that designated the document or information as "Confidential."

9. All correspondence, pleadings, motions, transcripts or other papers filed with the panel containing or disclosing information designated as "Confidential" shall, if ever filed in any Court, be filed under seal and such materials shall be available for inspection only by the panel and the panel's staff until further order of the panel, except as otherwise agreed by the Parties and any interested non-party. The entry of this Protective Order shall

5

not limit in any way the evidence or order of proof of any Party at any hearing, appeal or arbitration in these matters nor shall the designation of "Confidential" have any evidentiary value or be deemed an admission by either Party that the correspondence, pleadings, motions, transcripts or other papers so marked are, in fact, privileged, confidential or restricted from disclosure by any Party at any time or for any reason.

10. Failure to designate any information as "confidential" in accordance with this Protective Order shall not preclude the Party or Consenting Third-Party from later sending a notice to the other party designating such information as "Confidential." The entry of this Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to a request for discovery, nor shall it relieve any party of any obligation to produce information in the course of discovery.

11. The panel may impose appropriate sanctions for any violation of this Protective Order and, in appropriate cases, damages. The panel shall retain continuing jurisdiction over the Parties and any Consenting Third-Party for the purpose of enforcing those provisions.

12. In the event any Party or Consenting Third-Party having possession, custody or control of any information which has been produced and designated "Confidential" by another Party or by a Consenting Third-Party hereafter received a subpoena or other process or order to produce such information in a civil action other than this case, such Party or Consenting Third-Party shall notify the attorneys of record of the party or Consenting Third-Party, shall furnish those attorneys of record with a copy of said subpoena or other process or order, and shall cooperate with respect to any procedure sought to be pursued by the party or Consenting Third-Party whose interests may be affected. The Party or Consenting Third-

Party seeking confidential treatment shall have the burden of defending against such subpoena, process or order. The person or party receiving the subpoena or other process or order shall be entitled to comply with it except to the extent the Party or Consenting Third-Party seeking confidential treatment is successful in obtaining an order modifying or quashing it.

13. Upon motion, this Protective Order may be modified or amended or vacated by the panel.

STIPULATED AND AGREED:

_____
Attorney for Plaintiff

_____
Attorney for Defendants

ENTERED

_____

_____

O:\6760\pleading\confidentiality agreement 003.doc

Party seeking confidential treatment shall have the burden of defending against such subpoena, process or order. The person or party receiving the subpoena or other process or order shall be entitled to comply with it except to the extent the Party or Consenting Third-Party seeking confidential treatment is successful in obtaining an order modifying or quashing it.

13. Upon motion, this Protective Order may be modified or amended or vacated by the panel.

STIPULATED AND AGREED:

_____
Attorney for Plaintiff

_____
Attorney for Defendants

ENTERED

_____

_____

O:\6760\pleading\confidentiality agreement 003.doc

7

Party seeking confidential treatment shall have the burden of defending against such subpoena, process or order. The person or party receiving the subpoena or other process or order shall be entitled to comply with it except to the extent the Party or Consenting Third-Party seeking confidential treatment is successful in obtaining an order modifying or quashing it.

13. Upon motion, this Protective Order may be modified or amended or vacated by the panel.

STIPULATED AND AGREED:

_____
Attorney for Plaintiff

_____
Attorney for Defendants

ENTERED

_____

_____

_____

O:\6760\pleading\confidentiality agreement 003.doc

7

Party seeking confidential treatment shall have the burden of defending against such subpoena, process or order. The person or party receiving the subpoena or other process or order shall be entitled to comply with it except to the extent the Party or Consenting Third-Party seeking confidential treatment is successful in obtaining an order modifying or quashing it.

13. Upon motion, this Protective Order may be modified or amended or vacated by the panel.

STIPULATED AND AGREED:

_____
Attorney for Plaintiff

_____
Attorney for Defendants

ENTERED

_____

_____

_____

O:\6760\pleadings\confidentiality agreement 003.doc

7

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

_____ on oath states:

I have read the attached Protective Order entered by the Arbitration Panel, in the arbitration between Federal Insurance Company and EPS Solutions Corporation and Enterprise Profit Solutions Corp. I have received a copy of that Protective Order, and I agree to be bound thereby.

_____
Signature

_____
Firm Name

_____
Date

8