IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
FEDERAL INSURANCE COMPANY,        )
                                  )
                  Petitioner,     )
                                  )
     v.                           )   No. 08 C 0431
                                  )
THE LAW OFFICES OF                )
EDWARD T. JOYCE, P.C.,            )
                                  )
                  Respondent.     )
```

## OPINION AND ORDER

In this case, Federal Insurance Company ("Federal") seeks to enforce a discovery subpoena that an arbitration panel issued to the Law Offices of Edward T. Joyce, P.C. (the "Joyce Firm"). The Joyce Firm is not a party to the arbitration. The arbitration concerns Federal's duty to defend EPS Solutions Corp. and Enterprise Profit Solutions Corp. (jointly "EPS"). The Joyce Firm represented other parties in litigation in which EPS was involved. A defense raised by Federal in the arbitration is that coverage was precluded based on collusive-type conduct or the underlying action being an "insured versus insured" claim.

Resolution of the pending petition does not necessitate detailing the underlying circumstances.[1]

This court has diversity jurisdiction over the Federal/EPS arbitration. Federal is an Indiana corporation with its principal place of business in New Jersey and the opposing parties are Illinois residents. The matter in controversy exceeds $75,000. The court has authority to enforce a subpoena pursuant to the Federal Arbitration Act, 9 U.S.C. § 7.

The Joyce Firm does not dispute that this court has jurisdiction over the subpoena matter. It also does not dispute that an arbitration subpoena for documents may be enforced as against a non-party to the arbitration. Instead, the Joyce Firm contends the subpoena should not be enforced because it seeks irrelevant materials and some privileged documents, is overbroad, and should have been pursued earlier in the arbitration discovery process. All of these contentions, however, should be raised with the arbitration panel. They are not issues that should be decided by a court in the first instance. See In re Security

---

[1] The Joyce Firm represented some of the plaintiffs who had claims against EPS and other defendants. The Joyce Firm contends that EPS joined with the plaintiffs in attempting to show the other defendants, but not EPS, were liable to plaintiffs. Those plaintiffs' claims against EPS were deferred while claims were pursued against the other defendants. After the other defendants were successful in defeating liability, some plaintiffs succeeded on claims against EPS. The arbitration relates to Federal's excess coverage regarding the successful claims against EPS.

Life Ins. Co. of America, 228 F.3d 865, 871 (8th Cir. 2000); American Fed'n of Television & Radio Artists, AFL-CIO v. WJBK-TV (New World Commc'n of Detroit, Inc.), 164 F.3d 1004, 1010 (6th Cir. 1999); Festus & Helen Stacy Found., Inc. v. Merrill Lynch, Pierce Fenner, & Smith Inc., 432 F. Supp. 2d 1375, 1379-80 (N.D. Ga. 2006); American Fed'n of Gov't Employees Local 922 v. Ashcroft, 354 F. Supp. 2d 909. 917 (E.D. Ark. 2003); Odfjell Asa v. Celanese AG, 348 F. Supp. 2d 283 (S.D.N.Y. 2004), further proceeding, 380 F. Supp. 2d 297 (S.D.N.Y. 2005), aff'd sub nom., Stolt-Nielsen SA v. Celanese AG, 430 F.3d 567 (2d Cir. 2005).

Since no objections to the subpoena have been raised with the arbitration panel, enforcement of the subpoena will be granted. Enforcement, however, will be subject to further rulings of the arbitration panel. The Joyce Firm will have 30 days to comply with the subpoena. In the meantime, if it so desires, it may move before the arbitration panel to quash the subpoena in whole or in part or it may move the arbitration panel for further time to comply with the subpoena.

No opinion is expressed regarding the merits of the subpoena nor whether any motion to quash that may be brought before the arbitration panel at this time would be untimely or considered to have been waived. Neither is any opinion expressed regarding whether the arbitration panel should extend any discovery deadlines that may be necessary in order to complete

compliance with the subpoena. Additionally, should further proceedings be brought before this court regarding enforcing the subpoena, the parties must address the issue of the appropriate standard of review to be applied to any arbitration panel rulings regarding the subpoena.

IT IS THEREFORE ORDERED that petitioner's motion to expedite production and enforce the subpoena [11] is granted in part and denied in part. The Clerk of the Court is directed to enter judgment in favor of petitioner and against respondent enforcing the arbitration subpoena and requiring that respondent answer the subpoena within 30 days, subject to any further ruling of the arbitration panel.

ENTER:

*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: MARCH 13, 2008

- 4 -